ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **IGLESIA DEFENSORES DE LA FE CRISTIANA, BET-EL, CAGUAS, INC.**<br><br>Recurrido<br><br>v.<br><br>**RIROC, LLC., GTP INFRASTRUCTURE III, LLC., AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS**<br><br>Peticionario | TA2025CE00809 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.:<br>**CG2025CV02135**<br><br>Sobre:<br>Acción Contradictoria de Dominio, Usucapión |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2026.

La parte peticionaria, RIROC, LLC (RIROC o parte peticionaria), nos solicita que revoquemos la *Resolución Interlocutoria* emitida el 30 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante la misma, el TPI declaró *No Ha Lugar* a la solicitud de desestimación presentada por RIROC.

Por los fundamentos que expondremos a continuación, **denegamos** expedir el auto *certiorari* solicitado.

## I.

El 23 de junio de 2025, la Iglesia Defensores de la Fe Cristiana, Bet-El, Caguas, Inc. (la Iglesia o parte recurrida) presentó una *Demanda* sobre acción contradictoria de dominio y/o usucapión contra RIROC. Alegó que su templo se encontraba ubicado en la Avenida Luis Muñoz Marín de Caguas, según consta

inscrito en el Registro de la Propiedad, y que, al sur de la propiedad, existe una finca de 37.9515 cuerdas perteneciente a RIROC.

Sostuvo que, para la década de 1990, la finca que ahora pertenece a RIROC quedaba enclavada, sin acceso a la avenida principal, por lo que la Iglesia acordó verbalmente con el entonces dueño del predio colindante, el Sr. Juan Antonio Hernández Rivera (señor Hernández Rivera), ceder un lote de 364.23 metros cuadrados para uso público, a fin de que la finca enclavada tuviera acceso a la avenida. Añadió que, a cambio del lote cedido, el señor Hernández Rivera acordó segregar y cederle un lote de 2,800 metros cuadrados colindante con su propiedad por el lado sur.

Ante ello, el Sr. Hernández Rivera solicitó los permisos a la Administración de Reglamentos y Permisos y, posteriormente, en el año 1994, le fue concedido el referido permiso, sujeto a que el lote de 2,800 metros cuadrados fuese agrupado a la propiedad de la Iglesia. Sostuvo que, el 25 de diciembre de 1997, otorgó la escritura pública mediante la cual cedió para uso público el lote de 364.23 metros cuadrados. No obstante, aclaró que la escritura de segregación y agrupación del lote de 2,800 metros cuadrados nunca pudo ser otorgada, ello a pesar de haber realizado gestiones extrajudiciales con el señor Hernández Rivera y, posteriormente, con los subsiguientes dueños, La Canasta, Inc. y RIROC.

Por ello, solicitó que se ordenara a RIROC comparecer al otorgamiento de la escritura de segregación y agrupación, a fin de poder inscribir el lote segregado a nombre de la Iglesia. En la alternativa, arguyó que habían transcurrido más de treinta (30) años de posesión pública, pacífica, ininterrumpida, de buena fe y con justo título, por lo que era dueña legítima del referido lote por haber operado la figura jurídica de la usucapión.

Luego de varias incidencias procesales, el 18 de septiembre de 2025, RIROC instó una *Moción de Desestimación.* En esta sostuvo

que procedía la desestimación de la primera causa de acción por falta de parte indispensable y por prescripción. Arguyó que de las alegaciones de la *Demanda* surgía inequívocamente que quien se obligó con la Iglesia fue el señor Hernández Rivera; sin embargo, esta omitió acumularlo como parte en el pleito y, en cambio, pretendió que RIROC cediera parte de su propiedad, aun cuando no fue quien asumió la alegada obligación.

A su vez, planteó que, a la fecha en que adquirió la finca, la causa de acción para exigir el cumplimiento específico del alegado acuerdo verbal ya había prescrito, por lo que la Iglesia solo tenía, en todo caso, una causa de acción personal contra el Sr. Hernández Rivera. Asimismo, sostuvo que la causa de acción de usucapión no operaba en su contra, ya que estaba protegido por la figura jurídica del tercero registral.

En respuesta, el 26 de septiembre de 2025, la Iglesia presentó una *Moción en Cumplimiento de Orden y Réplica a "Moción de Desestimación"*. Allí arguyó que, debido a que RIROC no interpuso una acción judicial para negar los efectos de la usucapión consumada dentro del año siguiente a la adquisición, no le asistía la protección de la figura del tercero registral. Además, sostuvo que el señor Hernández Rivera no era parte indispensable para adjudicar la controversia, pues el acuerdo entre ambos se finiquitó cuando se cedieron los lotes. Así, argumentó que, en virtud de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, 30 LPRA sec. 6001 *et seq.*, solo resultaba parte indispensable el titular que surge del Registro de la Propiedad como dueño de la finca. Reafirmó que el Sr. Hernández Rivera no era parte indispensable, ya que sus derechos no se verían afectados y tampoco podría concederle remedio alguno.

Evaluadas las posturas de ambas partes, el 30 de septiembre de 2025, el foro primario emitió una *Resolución Interlocutoria*

mediante la cual declaró *No Ha Lugar* a la moción de desestimación instada por RIROC.

En desacuerdo, el 15 de octubre de 2025, RIROC presentó una *Moción de Reconsideración*. Por su parte, el 23 de octubre de 2025, la Iglesia instó su *Moción en Cumplimiento de Orden y Réplica a "Moción de Reconsideración"*. En esa misma fecha, el tribunal de instancia emitió y notificó una *Orden* en la que declaró *No Ha Lugar* la solicitud de reconsideración presentada por RIROC.

Inconforme, el 24 de noviembre de 2025, la parte peticionaria acudió ante este foro revisor mediante una *Petición de Certiorari*. En su recurso le imputa al foro primario la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación de la causa de acción de incumplimiento de contrato contra RIROC pues surge de las propias alegaciones de la Demanda que RIROC no se obligó con esta por lo que también falta parte indispensable.

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación de la causa de acción de usucapión contra RIROC pues surge de las propias alegaciones de la Demanda que dicha causa de acción no se ha perfeccionado y que a RIROC le protege la tercería registral conforme las instancias del Registro de la Propiedad.

El 4 de diciembre de 2025, la parte recurrida instó su *Oposición a la Expedición del Auto de Certiorari*.

Con el beneficio de ambas comparecencias, procedemos a resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical,*

154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre las defensas a formularse se encuentran la falta de jurisdicción sobre la materia y el dejar de exponer una reclamación que justifique la concesión de un remedio.

Al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *Rivera Sanfeliz et al. v.*

*Jta. Dir. First Bank,* 193 DPR 38 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería,* 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

Se desprende de lo antepuesto que, el juez o la jueza, al evaluar una solicitud de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, está obligado/a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank,* supra; *Colón v. Lotería,* supra. Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA,* supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013)*; Pressure Vessels PR v. Empire Gas PR,* supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al,* 184 DPR 407, 423 (2012); *Pressure Vessels PR v. Empire Gas PR,* supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda

duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

## C.

La Regla 16.1 de Procedimiento Civil es la que regula lo concerniente a la acumulación de partes indispensables. 32 LPRA Ap. V, R. 16.1. Esta es un corolario del principio establecido en nuestra Constitución que prohíbe que una persona sea privada de su libertad o propiedad sin un debido proceso de ley. Art. II, Sec. 7, Const. ELA.

En ese sentido, la regla sobre acumulación indispensable de partes tiene el propósito de proteger a la persona que no está presente de los efectos legales de la sentencia y así evitar que se multipliquen los pleitos. En todo caso, "[l]a falta de parte indispensable constituye un planteamiento tan relevante y vital que puede presentarse en cualquier momento, es decir, puede presentarse por primera vez en apelación e incluso puede suscitarse *sua sponte* por un tribunal apelativo ya que, en ausencia de parte indispensable, el tribunal carece de jurisdicción". *RPR & BJJ, Ex parte*, 207 DPR 389 (2021); *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005), citando *Hernández Agosto v. López Nieves*, 114 DPR 601, 625 (1983).

La Regla 16.1 de Procedimiento Civil, *supra*, define parte indispensable como, "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia". También, una parte indispensable es de la cual "[n]o se puede prescindir, pues, sin su presencia, las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados". *Allied Mgmt Group. v. Oriental Bank*, 204 DPR 374, 389 (2020); *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 479 (2019); *López García v. López García*, supra, pág. 63. La referida Regla nos señala que, dichas partes deben acumularse como

demandantes o demandadas, según corresponda y, de rehusarse a unirse como demandante, podrá unirse como demandada. 32 LPRA Ap. V, R. 16.1. Por consiguiente, es esencial incluir a toda parte indispensable en un determinado pleito para que el decreto judicial emitido resulte completo. *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001).

La anterior Regla tiene como objetivo impedir que la persona ausente sea privada de su propiedad sin un debido proceso de ley. *Romero v. SLG Reyes*, supra, págs. 733-734. Por consiguiente, de percatarse que hay ausencia de parte indispensable, debe desestimarse la acción. No empece a esto, dicha desestimación no tendrá efecto de una adjudicación en los méritos o cosa juzgada. *Romero v. SLG Reyes*, supra, pág. 734.

El tratadista Cuevas Segarra explica que, "[l]a determinación final de si una parte debe o no acumularse depende de los hechos específicos de cada caso individual. Exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clases de derechos, intereses en conflicto, resultado y formalidad. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. II, pág. 695.

Como es harto conocido, la falta de parte indispensable "constituye una defensa irrenunciable que puede presentarse en cualquier [etapa] durante el proceso". *López García v. López García*, 200 DPR 50, 65 (2018). Es menester destacar que no acumular una parte indispensable priva al tribunal de jurisdicción sobre la persona, y como consecuencia, si emite una sentencia en ausencia de la parte indispensable, esta será nula. *Rivera Marrero v. Santiago Martínez*, supra, pág. 479; *García Colón v. Sucn. González*, supra, pág. 550.

**III.**

Mediante sus señalamientos de error, la parte peticionaria impugna la determinación del foro primario de denegar la desestimación de la demanda de acción contradictoria de dominio y/o usucapión interpuesta en su contra.

Específicamente, en su primer señalamiento de error, RIROC sostiene que incidió el foro primario al denegar su moción de desestimación respecto a la causa de acción por incumplimiento de contrato. Arguye que de las propias alegaciones de la demanda se desprende inequívocamente que no fue la parte que se obligó con la Iglesia, lo que conlleva la falta de parte indispensable en el pleito. Añade, además, que la acción para exigir el cumplimiento específico del alegado acuerdo verbal prescribió en el año 2008, conforme al término prescriptivo aplicable.

Por su parte, la Iglesia manifiesta que, conforme a los hechos bien alegados en la demanda, la comparecencia del señor Hernández Rivera en el pleito no es indispensable para que el foro primario pueda conceder un remedio final y completo, toda vez que este no figura como titular registral del predio donde se cedió el lote en controversia. Sostiene que la Ley del Registro de la Propiedad Inmobiliaria, *supra*, establece expresamente que, para lograr la concordancia entre el Registro y la realidad jurídica extrarregistral, resulta parte indispensable el titular que surge del Registro como dueño de la finca. Añade también que la acción no está prescrita, ya que no reclama el cumplimiento específico del supuesto acuerdo verbal pues este se finiquitó en el año 1993.

Por otro lado, en su segundo señalamiento de error, RIROC sostiene que erró el tribunal de instancia al denegar su moción de desestimación respecto a la causa de acción de usucapión. Aduce que la parte recurrida nunca ha ocupado el predio en calidad de dueña, pues siempre ha reconocido la necesidad de que se otorgue

la escritura de segregación y agrupación, y que tales negociaciones nunca prosperaron. Por ello, sostiene que el término prescriptivo de la usucapión se interrumpió por el conocimiento expreso o tácito de la Iglesia sobre el derecho del dueño. A su vez, afirma que, aun cuando no existen elementos suficientes para que se configure la causa de acción de usucapión, esta tampoco opera en su contra por encontrarse protegido por la figura del tercero registral.

La Iglesia riposta que RIROC carece de la protección que brinda la figura del tercero registral, ya que no interpuso una acción judicial dentro del año siguiente a la adquisición de la finca para impugnar los efectos de la usucapión consumada. Asimismo, plantea que ha acreditado la posesión en calidad de dueña y que los acercamientos realizados a los distintos titulares de la Finca 51584 no implicaron un reconocimiento de dominio a favor de estos, sino meras gestiones extrajudiciales realizadas de buena fe, con el fin de armonizar la realidad registral con la realidad extraregistral. Aduce además que, de los hechos alegados en la *Demanda*, así como de las disposiciones legales y jurisprudenciales aplicables, quedó demostrado que presentó una causa de acción de usucapión capaz de superar el esquema establecido en la Regla 10.2 de Procedimiento Civil, *supra*, y que, en consecuencia, se justifica la concesión de un remedio a su favor a fin de resolver el problema registral planteado.

Tras examinar detenidamente el expediente ante nuestra consideración, los planteamientos de ambas partes y el estándar aplicable a una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, colegimos que no se cometieron los errores señalados por la parte peticionaria.

En cuanto al primer señalamiento de error, no nos persuade el argumento de RIROC en torno a que la *Demanda* descansa en una causa de acción contractual. Si bien el trasfondo fáctico alude a un acuerdo verbal suscrito entre la Iglesia y el señor Hernández Rivera,

lo cierto es que la acción ejercitada es una acción contradictoria de dominio, dirigida a armonizar el estado registral con la realidad jurídica extraregistral alegada. Por consiguiente, el hecho de que la parte peticionaria no haya sido parte del acuerdo verbal no derrota, por sí solo, la viabilidad de la acción instada.

Asimismo, no se configura la alegada falta de parte indispensable, pues de las alegaciones de la *Demanda* surge que el señor Hernández Rivera no figura como titular actual del predio en controversia ni ostenta derecho real inscrito alguno que pudiera verse afectado por la adjudicación final del pleito. Tal cual fuera argumentado por la Iglesia, en las acciones dirigidas a armonizar el estado del Registro con la realidad extraregistral, resulta parte indispensable quien aparece en el Registro como titular, condición que ostenta RIROC. A su vez, estimamos que no procede la desestimación por prescripción toda vez que la Iglesia no está reclamando el cumplimiento específico de una obligación personal exigible contra el señor Hernández Rivera, sino el reconocimiento de un derecho real y la correspondiente concordancia registral.

En cuanto al segundo señalamiento de error, al analizar el contenido de la *Demanda* de la manera más favorable para la parte recurrida, se desprende que la Iglesia ha poseído el predio desde el año 1993 de manera pública, pacífica, ininterrumpida y en concepto de dueña. Tales hechos, de probarse, podrían configurar los elementos necesarios para la adquisición del dominio por usucapión. Los planteamientos de la parte peticionaria respecto a una alegada interrupción del término prescriptivo por reconocimiento del usucapiente del derecho del dueño o a la protección derivada de la figura del tercero registral constituyen defensas que requieren el desarrollo de prueba y no pueden resolverse de forma definitiva en el contexto de una moción de desestimación. De forma que, de las alegaciones de la *Demanda* no surge con certeza que la parte

recurrida carezca de derecho a remedio alguno bajo cualquiera de las causas de acción instadas.

Por lo tanto, luego de analizada la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto de *certiorari* solicitado y, en consecuencia, nos abstenemos de intervenir con la *Resolución Interlocutoria* recurrida. Lo anterior, por no encontrar indicio alguno de que el foro primario actuó de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho.

**IV.**

Por los fundamentos antes expuestos, denegamos expedir el auto de *certiorari* solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelac